### (February 19, 1980)

■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v ELIZABETH A. HORTON MEMORIAL HOSPITAL, Respondent.—Proceeding pursuant to section 298 of the Executive Law to enforce an order of the State Human Rights Appeal Board, dated January 26, 1978, which affirmed an order of the State Division of Human Rights, dated October 14, 1976, which, after a hearing, *inter alia,* found that Elizabeth A. Horton Memorial Hospital had discriminated against one of its employees on the basis of sex. Respondent has cross-moved to dismiss the petition and motion and/or in the alternative, to strike petitioner's motion from the calendar. Petition granted and cross motion denied, with costs, and respondent is directed to comply with the order. On September 28, 1974 complainant, a female employee of respondent hospital, submitted a claim for disability benefits to the respondent, specifying pregnancy as the cause of the disability. Respondent, a self-insured employer, provides disability benefits pursuant to section 205 of the New York State Workers' Compensation Law. Respondent thereafter informed complainant that she was not eligible for benefits on the ground that disability benefits were not payable for any disability caused by or arising in connection with pregnancy. Complainant was given a leave of absence from October 19, 1974 until April 19, 1975 and was paid for all vacation and sick leave accrued to April 15, 1975. She gave birth on November 9, 1974. According to complainant's physician, she was disabled from October 18, 1974 until December 14, 1974. On May 19, 1975 complainant filed a complaint with the petitioner, State Division of Human Rights, charging respondent with an unlawful discriminatory practice relating to employment. After an investigation, the State division concluded there was probable cause to believe that the respondent had engaged in an unlawful discriminatory practice. Subsequently, a hearing was held and the commissioner of the State division found the respondent guilty of the charge. By

order, dated October 14, 1976 respondent was directed to (1) pay complainant disability benefits for the period of her disability between October 18, 1974 and December 14, 1974 to the same extent such payments were made to its other employees for nonpregnancy connected temporary physical disabilities, less any sick leave benefits previously paid to her during said period, plus 6% interest, (2) furnish proof of payment to the State division within 10 business days, (3) provide disability benefits to female employees for pregnancy-connected disabilities to the same extent it provides such benefits to employees for other forms of temporary physical disabilities, and (4) instruct all supervisory employees and unions that it has a policy of nondiscrimination because of sex in providing disability benefits to female employees. On January 26, 1978 the State Human Rights Appeal Board affirmed the order on appeal. Respondent did not seek judicial review of the order of the appeal board. The complainant advised the State division in December, 1978 and August, 1979 that she never received the payment provided for in its order. In July, 1979 complainant also advised respondent that an enforcement proceeding would be commenced failing prompt receipt of payment. When no payment was made, this enforcement proceeding was brought. In our opinion the petition for enforcement, which was filed almost two years after the appeal board issued its order, was neither untimely nor barred by laches. It is clear that the time limit referred to in section 298 of the Executive Law does not apply to an enforcement proceeding commenced by the State division (see *Matter of Guardian Capital Corp. v New York State Div. of Human Rights*, 46 AD2d 832). Furthermore, no showing of prejudice has been made. Although respondent failed to commence a timely proceeding to review the order of the appeal board (see Executive Law, § 298), we have reviewed the merits of that order in the instant enforcement proceeding (see *Matter of State Div. of Human Rights v Bystricky*, 30 NY2d 322). Upon such review, we find that the order of the State division, holding that the respondent had discriminated against the complainant on the basis of her sex in denying her disability benefits for her disability arising from her pregnancy, was supported by substantial evidence on the record as a whole (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176; *State Office of Drug Abuse v State Human Rights Appeal Bd.*, 48 NY2d 276). Therefore, the appeal board acted properly in affirming said order. Mollen, P. J., Hopkins, Damiani, Titone and O'Connor, JJ., concur.