■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of EARLIE GILLESPIE, Petitioner, v SOUNDVIEW INSTRUMENTS, INC., et al., Respondents. [616 NYS2d 284] —Petition unanimously granted in part without costs in accordance with the following Memorandum: Petitioner commenced this proceeding on November 9, 1990, for judicial enforcement of an order of the Commissioner dated June 26, 1984 *(see,* Executive Law § 298). We reject respondents' contention that the delay forecloses petitioner from seeking enforcement of the order. The time limit for commencement of enforcement proceedings in section 298 of the Executive Law does not apply to petitioner *(see, Matter of State Div. of Human Rights v Horton Mem. Hosp.,* 74 AD2d 618, 619). Further, a portion of the delay was the result of the initiation and abandonment of respondents' proceeding to review the

Commissioner's determination *(see, State Div. of Human Rights v Chicago Pneumatic Tool Co.,* 110 AD2d 1080, 1081). That part of the delay attributable to petitioner is not prejudicial as a matter of law and respondents failed to show any actual injury *(see, Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818; *Matter of Alverson v State Div. of Human Rights,* 181 AD2d 1019).

The Commissioner's finding that respondent Pasqua participated in the unlawful discrimination is "supported by sufficient evidence on the record considered as a whole" and, therefore, the order should not be disturbed (Executive Law § 298; *see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The Commissioner's finding of compensable mental injury resulting from the unlawful discrimination is also supported by sufficient evidence and, therefore, we decline to disturb the award of damages for mental anguish and humiliation *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207, 216; *300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 184).

Petitioner's proof is sufficient to support an award of back pay through 1983 in the amount of $8,216. Complainant's unemployment compensation records were not part of the record before the Commissioner and may not be considered in our review of his determination *(see, Matter of Salvatore v New York State Div. of Human Rights,* 118 AD2d 715).

Therefore, we grant the petition in part by directing respondents to pay complainant the sum of $8,216 in back pay, together with interest at the rate of 9% per annum, and damages of $1,000 for mental anguish and humiliation. (Proceeding Transferred Pursuant to Executive Law § 298 by Order of Supreme Court, Suffolk County, Cohalan, J.) Present —Green, J. P., Balio, Fallon, Callahan and Davis, JJ.