Matter of New York State Div. of Human Rights v Waldorf Niagara, Inc. (2020 NY Slip Op 01833)





Matter of New York State Div. of Human Rights v Waldorf Niagara, Inc.


2020 NY Slip Op 01833


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1312 TP 19-01265

[*1]IN THE MATTER OF NEW YORK STATE DIVISION OF HUMAN RIGHTS, PETITIONER,
v
WALDORF NIAGARA, INC., DOING BUSINESS AS VILLELLA'S ITALIAN RESTAURANT, FILIPPO VILLELLA, FILIPPO INGLIMA, AND JACINTA M. MORINELLO, RESPONDENTS. 






CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (MICHAEL K. SWIRSKY OF COUNSEL), FOR PETITIONER.
SCHRODER, JOSEPH & ASSOCIATES, LLP, BUFFALO (LINDA H. JOSEPH OF COUNSEL), FOR RESPONDENT FILIPPO VILLELLA.


 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Niagara County [Daniel Furlong, J.], entered July 1, 2019) to enforce an order of petitioner New York State Division of Human Rights. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the motion of respondent Filippo Villella to dismiss the petition against him is granted, the petition is granted against respondents Filippo Inglima and Waldorf Niagara, Inc., doing business as Villella's Italian Restaurant, and those respondents are directed to pay respondent Jacinta M. Morinello the sum of $24,480 as lost wages with interest at the rate of 9% per annum commencing March 1, 2013; to pay Morinello the sum of $65,000 as compensatory damages with interest at the rate of 9% per annum commencing July 26, 2017; and to pay the Comptroller of the State of New York the sum of $20,000 for a civil fine and penalty with interest at the rate of 9% per annum commencing July 26, 2017.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking enforcement of an order of its Commissioner that, inter alia, found respondents Waldorf Niagara, Inc., doing business as Villella's Italian Restaurant (Waldorf), and Filippo Inglima liable to respondent Jacinta M. Morinello (complainant) for sexual harassment and awarding complainant damages. Respondent Filippo Villella moved to dismiss the petition against him on the ground that he is not a proper party to an enforcement proceeding where the order to be enforced absolved him of any liability. In opposition, petitioner argued that 22 NYCRR 202.57 (a) required it to name Villella as a respondent. Supreme Court transferred the matter to this Court and we now grant Villella's motion to dismiss. Unlike a proceeding instituted by a party aggrieved by an order of petitioner, neither Executive Law § 298 nor 22 NYCRR 202.57 (a) contains a requirement governing what parties petitioner must name in an enforcement proceeding (see Matter of Massapequa Auto Salvage, Inc. v Donaldson, 40 AD3d 647, 649 [2d Dept 2007]; see generally Matter of New York State Div. of Human Rights v Soundview Instruments, 206 AD2d 961, 961 [4th Dept 1994]). Inasmuch as petitioner raised no further opposition to Villella's motion, dismissal is warranted.
With respect to the merits of the enforcement petition, neither Waldorf nor Inglima answered the petition. Nonetheless, "[a]n enforcement proceeding initiated by the [New York State Division of Human Rights] raises the issue of whether its determination was supported by sufficient evidence in the record as a whole" even where that petition is unopposed (Matter of [*2]New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899 [4th Dept 2018] [internal quotation marks omitted]; see id. at 901). Applying that standard, we conclude that the administrative record contains "relevant proof as a reasonable mind may accept as adequate to support" the relevant conclusions and factual findings (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Finally, because the unopposed petition for enforcement demonstrates that Waldorf and Inglima have failed to comply with the order, enforcement is granted (see generally Executive Law § 298).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court