OPINION OF THE COURT
 

 Simons, J.
 

 Plaintiffs instituted this action claiming that defendant Joint Diseases North General Hospital engages in unlawful sexual discrimination by refusing to admit pregnant women to its drug detoxification program. North General conceded it has a policy excluding all pregnant women but sought summary judgment dismissing the complaint, claiming the policy is justified on medical grounds. The hospital was unsuccessful in the trial court but prevailed on appeal. The Appellate Division held that North General’s determination to exclude pregnant substance abusers did not constitute gender-based discrimination but, rather, was "a medical determination based on appropriate treatment for its patients”
 
 (Elaine W. v Joint Diseases N. Gen. Hosp.,
 
 180 AD2d 525, 527). The matter is before us by our leave and we now reverse. The mere proffering of a medical explanation, when disputed by other evidence, does not validate the hospital’s exclusionary policy. North General must establish at trial that its blanket exclusion of pregnant women is medically warranted.
 

 I
 

 Defendant North General is a voluntary, nonprofit hospital in Manhattan with 190 beds. Fifty of the beds are devoted to an in-patient detoxification program. Plaintiffs are women who were excluded from this program because they were pregnant at the time they sought treatment. North General excludes pregnant women because it believes it lacks the equipment to treat them safely, it has no obstetricians on its staff and it is not licensed to render obstetrical care. The hospital claims that its policy is not discriminatory because all
 
 *216
 
 seriously psychotic patients are excluded for similar reasons. In short, North General claims that it is obliged to treat only those it is equipped and staffed to treat and the Human Rights Law should not be used to compel it to do otherwise.
 

 In opposition, plaintiffs contend that the blanket exclusion of all pregnant women is medically unwarranted, that each woman must be assessed individually to determine whether she can be treated safely for substance abuse despite the lack of on-site obstetrical services and that the failure to do so violates this State’s Human Rights Law (Executive Law art 15). Both parties have submitted affidavits of medical experts to support their positions.
 

 II
 

 Article 15 of the Executive Law, known as the Human Rights Law, provides that it is "an unlawful discriminatory practice for any * * * place of public accommodation * * *, because of * * * sex * * *, directly or indirectly, to * * * deny to such person any of the accommodations, advantages, facilities or privileges thereof’ (Executive Law § 296 [2] [a]).
 
 [1]
 
 When interpreting that section, we have consistently held that distinctions based solely upon a woman’s pregnant condition constitute sexual discrimination
 
 (see, e.g., Matter of Binghamton GHS Empls. Fed. Credit Union v State Div. of Human Rights,
 
 77 NY2d 12, 17;
 
 Matter of Board of Educ. v New York State Div. of Human Rights,
 
 56 NY2d 257, 261-262;
 
 Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,
 
 41 NY2d 84, 86;
 
 Board of Educ. v New York State Div. of Human Rights,
 
 42 AD2d 49, 53,
 
 affd
 
 35 NY2d 673;
 
 see also, Newport News Shipbuilding & Dry Dock v Equal Empl. Opportunity Commn.,
 
 462 US 669, 684 [similarly construing title VII (42 USC § 2000e
 
 et seq.)
 
 of the Federal statute]). A hospital policy which singles out pregnant women for treatment different from treatment afforded those with other medical or physical impairments is similarly suspect. Unquestionably, North General’s policy discriminates against pregnant women by treating them differently from others solely because they are pregnant and thus it constitutes facial sexual discrimination.
 

 
 *217
 
 III
 

 Nonetheless, North General’s policy is supportable if the hospital can establish (1) that the blanket exclusion is medically warranted, i.e., that no pregnant woman, regardless of the state of her general health, the stage of her pregnancy, or the severity of her addiction, can be treated safely, or (2) that it cannot, prior to admission, identify with reasonable medical certainty those women who might receive treatment without needing immediate, on-site obstetrical services. We approved such an analysis in an earlier sexual discrimination case in which a school board policy required any pregnant teacher to take an unpaid leave of absence no later than five months prior to her delivery date, regardless of her physical ability to continue teaching
 
 (Board of Educ. v New York State Div. of Human Rights,
 
 35 NY2d 673,
 
 affg on opn at App Div
 
 42 AD2d 49,
 
 supra).
 
 The "true issue” in that case, the Appellate Division stated, was whether the pregnancy-based policy could be justified by the school board’s purported objectives
 
 (see, Board of Educ. v New York State Div. of Human Rights,
 
 42 AD2d, at 52,
 
 supra).
 
 Because the policy did not further the stated objective — securing the continuity of competent instruction— we affirmed an order upholding the Human Rights Division’s determination that the discriminatory practice had to stop
 
 (see, Board of Educ. v New York State Div. of Human Rights,
 
 35 NY2d 673,
 
 affg
 
 42 AD2d 49,
 
 supra).
 

 Similarly, the exclusionary policy in this case must be evaluated in light of the explanation offered by North General that it cannot admit pregnant women because it is not equipped, staffed or licensed to provide obstetrical services. A fact finder will have to resolve whether North General’s policy is justified by sound medical opinion.
 

 The burden rests on North General, as the actor drawing distinctions based upon pregnancy, to prove that the policy’s distinctions are based upon medical necessity, not upon generalizations associated with pregnant women
 
 (see, Board of Educ. v New York State Div. of Human Rights,
 
 42 AD2d, at 52,
 
 supra).
 
 That its motives are benign will not relieve it of this burden
 
 (see, Automobile Workers v Johnson Controls,
 
 499 US 187, 199-200). Many discriminatory practices develop improperly because of a paternalistic sense of what is "best” for those who are discriminated against
 
 (see, State Div. of Human Rights v New York State Dept. of Correctional Servs.,
 
 61 AD2d 25, 29). If there is no medical
 
 *218
 
 basis for the discrimination, the fact that it was undertaken with good intentions is irrelevant.
 

 Nor can North General sustain its burden by showing that some, or even many, pregnant women should not be treated for substance abuse without the availability of immediate on-site obstetrical services. As the Supreme Court has said: "[e]ven a true generalization about the class is an insufficient reason for disqualifying an individual to whom the generalization does not apply”
 
 (see, Los Angeles Dept. of Water & Power v Manhart,
 
 435 US 702, 708).
 
 [2]
 
 If, as plaintiffs contend,
 
 some
 
 pregnant addicts can be safely treated despite the lack of immediate on-site obstetrical services, then North General’s policy excluding all pregnant women is unwarranted and the hospital must individually assess each pregnant woman seeking admission to determine whether she can be treated either without the benefit of obstetrical services or with arrangements made to obtain services at nearby, off-site facilities
 
 (see, Matter of State Div. of Human Rights [Granelle],
 
 70 NY2d 100, 107). But we emphasize that if North General establishes it is medically unsafe to treat pregnant women at its facility, either because all pregnant addicts require immediate on-site obstetrical services or because it cannot be predicted with reasonable medical certainty which ones might require such services, the Human Rights Law does not compel it to do so.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the cross motion of defendant Joint Diseases North General Hospital, Inc. for summary judgment denied.
 

 Chief Judge Kaye and Judges Titone, Hancock, Jr., and Smith concur; Judge Bellacosa taking no part.
 

 Order reversed, etc.
 

 [1]
 

 . The term "place of public accommodation” includes "clinics” and "hospitals” (Executive Law § 292 [9]).
 

 [2]
 

 . A valid generalization might persuade the Human Rights Division to grant an exemption for "bona fide considerations of public policy” under Executive Law §296 (2) (b), but North General has not applied for an exemption and a generalization may not serve to validate prohibited discrimination.