■ HONG LEONG FINANCE LIMITED (SINGAPORE), Respondent, v MORGAN STANLEY et al., Appellants. [13 NYS3d 832]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 17, 2014, which, to the extent appealed from, denied defendants' motion to dismiss, on the grounds of forum non conveniens, documentary evidence, and failure to state a cause of action, the breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent inducement claims, unanimously affirmed, with costs.

In rejecting defendants' forum non conveniens argument, the motion court applied the correct standard under CPLR 327 (a). The motion court exercised its discretion in weighing the relevant factors, and its determination should not be disturbed unless the court improvidently exercised its discretion or failed to consider the relevant factors (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984]). While it gave weight to the factual findings of the district court, it also made its own factual findings and did not apply the federal legal standard. The court considered where the underlying events took place;

whether Singapore was an adequate alternative forum; the location and availability of the evidence and witnesses; the potential hardship to defendants; and the applicability of Singapore law (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]).

The complaint sufficiently alleges a breach of the indemnification provision of the parties' agreement, including plaintiff's performance thereunder. The claim of breach of the implied covenant of good faith and fair dealing is not duplicative of the breach of contract claim, since it arises out of different facts (*see MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287, 297 [1st Dept 2011]). The complaint sufficiently alleges fraudulent inducement (*see Perrotti v Becker, Glynn, Melamed & Muffly LLP*, 82 AD3d 495, 498 [1st Dept 2011]). Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ.