■ RAKUTEN BANK, LTD., Formerly Known as EBANK CORPORATION, Appellant, v ROYAL BANK OF CANADA et al., Respondents. [24 NYS3d 638]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about January 26, 2015, which, among other things, granted defendants' motion to dismiss the complaint on the basis of forum non conveniens, unanimously affirmed, without costs.

In the complaint, plaintiff alleges that defendants fraudulently induced it to purchase certain notes by misrepresenting the credit quality of the notes and their underlying collateral. The motion court weighed the relevant factors and providently exercised its discretion in determining that the action lacks a substantial New York nexus (see CPLR 327 [a]; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]; *Matter of Alla v American Univ. of Antigua, Coll. of Medicine*, 106 AD3d 570, 570 [1st Dept 2013]). Plaintiff's allegation that the marketing and design of the notes was done, in part, by employees of defendant RBC Capital, the only New York-based defendant, is not enough to overcome the factors weighing in favor of dismissal, including the fact that all aspects of the actual sale of the notes occurred outside New York (see *Hanwha Life Ins. v UBS AG*, 127 AD3d 618, 619 [1st Dept 2015] [New York forum was inconvenient where, among other things, the transaction at issue occurred outside New York], *lv denied* 26 NY3d 912 [2015]; *cf. Hong Leong Fin. Ltd. [Singapore] v Morgan Stanley*, 44 Misc 3d 1231[A], 2014 NY Slip Op 51396[U], *5-6 [Sup Ct, NY County 2014], *affd* 131 AD3d 418 [1st Dept 2015] [New York was a convenient forum where, among other things, most of the allegedly fraudulent activity was conducted in New York by only New York-based defendants]). Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.