*Chauca v. Abraham*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

———————————

August Term, 2016

(Argued: September 9, 2016                    Certified: November 1, 2016
 Final Submission: November 20, 2017          Decided: March 16, 2018)

Docket Nos. 15-1720 (L), 15-1777 (XAP)[1]

———————————

VERONIKA CHAUCA,

*Plaintiff-Appellant,*

– v. –

JAMIL ABRAHAM, individually, PARK MANAGEMENT SYSTEMS, LLC, a.k.a. Park
Health Center, ANN MARIE GARRIQUES, individually,

*Defendants-Appellees.*

———————————

B e f o r e :

KATZMANN, *Chief Judge*, SACK and HALL, *Circuit Judges*.

———————————

———————————

[1] 15-1720 was closed by an order filed on 10/6/15.

Appeal from a decision of the district court denying plaintiff's request for a jury instruction concerning punitive damages for pregnancy discrimination claims arising under the New York City Human Rights Law. Having certified to the New York Court of Appeals the question of the appropriate standard for determining whether a defendant may be liable for damages under the New York City Human Rights Law, we now conclude that the district court erred in applying the test for whether punitive damages are available under substantive federal law. Accordingly, the judgment of the district court is VACATED, and we REMAND for further proceedings consistent with this opinion.

_____

STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, NY (Anne Donnelly Bush, Law Offices of Anne Donnelly Bush, Hastings-on-Hudson, NY, *on the brief*), *for Plaintiff-Appellant*.

ARTHUR H. FORMAN, Forest Hills, NY, *for Defendant-Appellant*.

Joshua Friedman, Friedman & Houlding, LLP, Mamaroneck, NY, *for Amicus Curiae* National Employment Lawyers Association/New York.

_____

PER CURIAM:

Plaintiff-Appellant Veronika Chauca appeals from a judgment of the

United States District Court for the Eastern District of New York (Vitaliano, *J.*)

following a jury verdict in her favor. We assume familiarity with our earlier

opinion in this matter, as amended on November 8, 2016. *Chauca v. Abraham*, 841

F.3d 86 (2d Cir. 2016).

2

Before Chauca's claims were submitted to the jury, the district court denied Chauca's request to provide a jury instruction concerning the availability of punitive damages under the New York City Human Rights Law ("NYCHRL"). It declined to do so because there was "no showing of malice, reckless indifference [or] that there was an intent to violate the law," App. 411, the standard for an award of punitive damages under the corresponding provisions of federal law under Title VII of the Civil Rights Act, *see Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529-30 (1999) ("Punitive damages are limited . . . to cases in which the employer has engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" (quoting 42 U.S.C. § 1981a(b)(1))).

In our prior opinion, we concluded that New York case law does not clearly resolve the issue raised by this case, and we thus certified the following question to the New York Court of Appeals: "What is the standard for finding a defendant liable for punitive damages under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502?" *Chauca*, 841 F.3d at 95. The Court of Appeals recently resolved the certified question by holding that "the standard for determining damages under the NYCHRL is whether the wrongdoer has

3

engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017) (quoting *Home Ins. Co. v. Am. Home Prods. Corp.*, 550 N.E.2d 930, 934 (N.Y. 1990)).

In doing so, it expressly rejected the application of the federal standard for punitive damages, explaining that the NYCHRL "requires neither a showing of malice nor awareness of the violation of a protected right" because "implementing a lower degree of culpability and eschewing the knowledge requirement . . . adheres to the [New York] City Council's liberal construction mandate" that "'[t]he provisions of [the NYCHRL] shall be construed liberally . . . regardless of whether federal or New York state civil and human rights laws . . . have been so construed.'" *Id.* at 480 (alterations in original, quoting N.Y.C. Admin. Code § 8-130(a)). We thus hold that the district court did not apply the proper standard in declining to submit the question of punitive damages to the jury. Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this decision.