Per Curiam:
*123 Plaintiff-Appellant Veronika Chauca appeals from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, J .) following a jury verdict in her favor. We assume familiarity with our earlier opinion in this matter, as amended on November 8, 2016. Chauca v. Abraham , 841 F.3d 86 (2d Cir. 2016).
Before Chauca's claims were submitted to the jury, the district court denied Chauca's request to provide a jury instruction *124 concerning the availability of punitive damages under the New York City Human Rights Law ("NYCHRL"). It declined to do so because there was "no showing of malice, reckless indifference [or] that there was an intent to violate the law," App. 411, the standard for an award of punitive damages under the corresponding provisions of federal law under Title VII of the Civil Rights Act, see Kolstad v. Am. Dental Ass'n , 527 U.S. 526, 529-30, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999) ("Punitive damages are limited ... to cases in which the employer has engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.' " (quoting 42 U.S.C. § 1981a(b)(1) ) ).
In our prior opinion, we concluded that New York case law does not clearly resolve the issue raised by this case, and we thus certified the following question to the New York Court of Appeals: "What is the standard for finding a defendant liable for punitive damages under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502 ?" Chauca , 841 F.3d at 95. The Court of Appeals recently resolved the certified question by holding that "the standard for determining damages under the NYCHRL is whether the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.' " Chauca v. Abraham , 30 N.Y.3d 325, 89 N.E.3d 475, 481 (2017) (quoting Home Ins. Co. v. Am. Home Prods. Corp. , 75 N.Y.2d 196, 551 N.Y.S.2d 481, 550 N.E.2d 930, 934 (1990) ).
In doing so, it expressly rejected the application of the federal standard for punitive damages, explaining that the NYCHRL "requires neither a showing of malice nor awareness of the violation of a protected right" because "implementing a lower degree of culpability and eschewing the knowledge requirement ... adheres to the [New York] City Council's liberal construction mandate" that " '[t]he provisions of [the NYCHRL] shall be construed liberally ... regardless of whether federal or New York state civil and human rights laws ... have been so construed.' " Id. at 480 (alterations in original, quoting N.Y.C. Admin. Code § 8-130(a) ). We thus hold that the district court did not apply the proper standard in declining to submit the question of punitive damages to the jury. Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this decision.