Tirschwell v TCW Group Inc. (2021 NY Slip Op 03397)





Tirschwell v TCW Group Inc.


2021 NY Slip Op 03397


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 150777/18 Appeal No. 13923[M-1286] Case No. 2020-03192 

[*1]Sara Tirschwell, Plaintiff-Appellant-Respondent,
v
TCW Group Inc., et al., Defendants-Respondents-Appellants. The Purple Campaign and The Blush Project, Amici Curiae.


Storch Byrne LLP, New York (Steven G. Storch of counsel), for appellant-respondent.
Greenberg Traurig, LLP, New York (Jonathan L. Sulds of counsel), for TCW Group Inc., TCW LLC and David Lippman, respondents-appellants.
Sullivan & Cromwell LLP, New York (Robert A. Sacks of counsel), for Jess Ravich, respondent-appellant.
Law Offices of Howard Benjamin, New York (Howard Benjamin of counsel), for the Purple Campaign, Washington DC (Alexandra Coll and Shea Holman of counsel), and The Blush Project Foundation, Washington DC (M. Reese Everson of counsel), amici curiae.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered on or about June 12, 2020, which, insofar as appealed from as limited by the briefs, (a) granted defendants TCW Group, Inc., TCW LLC, and David Lippman's (the TCW defendants) motion for summary judgment dismissing the first, third, and fifth causes of action and the request for punitive damages, but denied it as to the second and fourth causes of action, (b) granted defendant Jess Ravich's motion for summary judgment dismissing the first cause of action and the request for punitive damages, but denied it as to the second cause of action, and (c) granted the TCW defendants and Ravich's motions to strike the expert affidavits, and denied plaintiff's cross motions to accept those affidavits, unanimously modified, on the law, to deny the TCW defendants' motion for summary judgment as to the first and fifth causes of action and the request for punitive damages, and to deny Ravich's motion for summary judgment as to the request for punitive damages, and otherwise affirmed, without costs.
The motion court properly declined to consider the affidavits of plaintiff's experts in view of the parties' so-ordered agreement to delay expert discovery until after summary judgment.
The motion court properly dismissed the retaliation claim under the New York City Human Rights Law (City HRL) (claim 1) as against defendant Ravich because it is undisputed that he was not involved in the decision to terminate plaintiff or in any decisionmaking regarding her after she made her complaint to Human Resources (the HR complaint). This claim should not have been dismissed, however, as against defendants TCW Group Inc., TCW LLC (TCW), and David Lippman (the TCW defendants) because issues of fact exist as to whether there was a causal connection between their decision to terminate plaintiff and the HR complaint, which was made only nine days earlier (see Ramos v Metro. N. Commuter R.R., 190 AD3d 570, 572 [1st Dept 2021]).
The TCW defendants object that the termination was the "culmination of continuous progressive discipline" that began prior to the HR complaint (see Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 206-207 [1st Dept 2015]). It is not, however, clear on this record that the compliance violation that prompted the termination, or indeed the entire course of compliance violations, was not pretextual, or that the HR complaint was not at least the "extra factor" pushing TCW from dissatisfaction to discharge (see id. at 207). Although plaintiff had many compliance violations, many of these appear to be non-serious and most were self-reported and involved other mitigating circumstances. Issues of fact also exist regarding the applicability of the ethical wall policy/policies plaintiff purportedly violated, whether they in fact required prior approval to communicate public information, and, if so, whether plaintiff was aware of this.
The TCW defendants' reliance on compliance violations discovered [*2]after plaintiff's termination is misplaced, as such "after-acquired" evidence may not be used to defeat a claim of discrimination, although it may be relevant to damages (see Baldwin v Cablevision Sys. Corp., 65 AD3d 961, 967 [1st Dept 2009], lv denied 14 NY3d 701 [2010]). The TCW defendants' reliance on the "same actor inference" is also unavailing, as over 1 ½ years passed between the hiring and firing and a jury could reasonably conclude that there was a change in circumstances — either due to the HR complaint or to Lippman's regrets about employing a person who was too "culturally different" (see Feingold v New York, 366 F3d 138, 154-155 [2d Cir 2004]; Colbert v FSA Store, Inc., 2020 US Dist LEXIS 73985, *13-14, 2020 WL 1989404, *4-5 [SD NY Apr. 27, 2020]; see also generally Dickerson v Health Mgt. Corp. of Am., 21 AD3d 326, 329 [1st Dept 2005]).
The City HRL gender discrimination claim (claim 2) was properly sustained as against Ravich based on plaintiff's claims that Ravich used his supervisory position to pressure her into having sex with him and withdrew support for her at work after she stopped responding to his sexual advances. Contrary to Ravich's claim, issues of fact exist as to whether the sexual relationship existed and/or was consensual; whether plaintiff ever made clear to Ravich, even if not formally in words, that it was over; and whether Ravich or TCW ever stopped providing material support to plaintiff or her fund. The discrimination claim was also properly sustained as against the TCW defendants, as they may be vicariously liable for Ravich's conduct (see Administrative Code of City of NY § 8-107[13][b][1]).
The City HRL aiding and abetting claim against Lippman (claim 3) was properly dismissed. Lippman could not have shared a "community of purpose" with Ravich because there is no indication that he was aware of Ravich's improper conduct, and an aiding and abetting claim cannot be based on Lippman's own conduct (see Bistreich v City of New York, 191 AD3d 554, 554 [1st Dept 2021]).
The breach of contract claim against TCW (claim 4) was properly sustained insofar as issues of fact exist as to whether the stated reason for termination was pretextual. The breach of the implied covenant of good faith and fair dealing claim against TCW (claim 5) should also have been sustained because issues of fact exist as to whether TCW failed to provide necessary support to enable plaintiff to perform her job. These claims are not duplicative because they arise from different facts (see Hong Leong Fin. Ltd. [Singapore] v Morgan Stanley, 131 AD3d 418, 419 [1st Dept 2015]).
The request for punitive damages should be reinstated. Ravich's conduct in conditioning his support of plaintiff at work on her compliance with his demands for sex, if proven, would be sufficient to demonstrate discrimination "with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard[*3]" (see Chauca v Abraham, 30 NY3d 325, 334 [2017] [internal quotation marks omitted]). Punitive damages could also be awarded against the TCW defendants if they are found vicariously liable for this conduct, although they would be entitled to mitigate such damages with proof of policies established to deter discrimination (see Administrative Code of City of NY § 8-107[13][d]-[e]; Chauca, 30 NY3d at 330; Duarte v St. Barnabas Hosp., 341 F Supp 3d 306, 325-326 [SD NY 2018]).
M-1286 — Tirschwell v TCW Group
Grant motion by proposed amici curiae The Purple
Campaign and The Blush Project for leave to file an
amicus brief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021