Park v Kurtosys Sys., Inc. (2022 NY Slip Op 04129)

Park v Kurtosys Sys., Inc.

2022 NY Slip Op 04129

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Index No. 151068/18 Appeal No. 16215 Case No. 2021-04795 

[*1]Carol Park, Plaintiff-Appellant,
v
Kurtosys Systems, Inc. et al., Defendants-Respondents.

Rafkin Esq., PLLC, New York (Seth A. Rafkin of counsel), for appellant.
Jackson Lewis P.C., White Plains (Michael A. Frankel of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 8, 2021, which granted defendants' motion for summary judgment dismissing the complaint alleging discrimination and retaliation under the State and City Human Rights Laws, unanimously affirmed, without costs.
Defendants demonstrated a legitimate, nondiscriminatory reason — poor performance — for terminating plaintiff's employment (see Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514-515 [1st Dept 2016], lv denied 28 NY3d 902 [2016]). They showed that, based on her previous experience generating sales and building a pipeline of clients, plaintiff was hired as the director of enterprise sales at defendant Kurtosys and was expected "very quickly" to "start doing while learning." However, despite those expectations, during her time at Kurtosys, plaintiff entered only 11 activities into Salesforce, the company's customer relationship management software, attended no in-person meetings with potential clients, and had $0 in forecasted recurring and one-time fees from closed deals.
In opposition, plaintiff failed to raise an issue of fact whether defendants' reasons for terminating her employment were a pretext for discrimination on the basis of gender (see Hudson, 138 AD3d at 515-516). While plaintiff cited a male coworker as a comparator, the record shows that his salary was about half of hers, that he was brought into the company in an entry-level position, and that he was promoted to his role managing mid-market accounts that had the lowest revenue probability. Moreover, as reflected in the company's Salesforce data, his performance significantly surpassed hers.
In support of dismissing her retaliation claim, defendants demonstrated that plaintiff did not engage in any protected activity (see Franco v Hyatt Corp., 189 AD3d 569, 571 [1st Dept 2020]). Her complaints about feeling excluded from meetings and conferences fail to indicate that her coworkers' conduct was motivated by her gender, particularly as she acknowledged that female coworkers were included. In any event, as indicated, defendants established a legitimate nonretaliatory reason for terminating her employment, and plaintiff failed to counter their showing (see Brightman v Prison Health Serv., Inc., 108 AD3d 739, 740-741 [2d Dept 2013]).
In the absence of evidence that plaintiff was discriminated against or retaliated against, her claims that the individual defendants aided and abetted one another must be dismissed (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 314 [2004]). Moreover, defendant Abramson, plaintiff's supervisor, could not aid and abet his own alleged discriminatory conduct, and there is no evidence that defendant Gellman was
aware of any discriminatory conduct (see Tirschwell v TCW Group Inc., 194 AD3d 665, 667 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022