Walker v Triborough Bridge & Tunnel Auth. (2023 NY Slip Op 05344)

Walker v Triborough Bridge & Tunnel Auth.

2023 NY Slip Op 05344

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 160839/21 Appeal No. 825 Case No. 2022-04246 

[*1]Kellie Walker, Plaintiff-Respondent,
v
Triborough Bridge and Tunnel Authority Doing Business as Metropolitan Transportation Authority Bridges and Tunnels et al., Defendants-Appellants.

Hoguet Newman Regal & Keeney, LLP, New York (Miriam Manber of counsel), for appellants.
Wigdor LLP, New York (Alfredo Pelicci of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered August 10, 2022, which denied defendants' motion to dismiss plaintiff's causes of action for discrimination and retaliation under the New York City Human Rights Law (City HRL) and New York State Human Rights Law (State HRL), her aiding and abetting claims against defendant Sharon Gallo-Kotcher, and her claims under the Gender-Motivated Violence Act (GMVA), unanimously affirmed, without costs.
The federal court's decision granting dismissal of plaintiff's federal discrimination claims at the pleading stage does not preclude her City and State HRL claims based on principles of collateral estoppel (see e.g. Lively v Wafra Inv. Advisory Group, Inc., 211 AD3d 432, 432 [1st Dept 2022]; see also Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514 [1st Dept 2016]). Unlike in federal discrimination claims, employment discrimination claims brought under the City and State HRLs are generally analyzed under a lenient notice pleading standard, whereby the plaintiff need not plead specific facts, but must only give the defendants "fair notice" of the nature and grounds of the claims (Petit v Department of Educ. of the City of N.Y., 177 AD3d 402, 403 [1st Dep't 2019] ["Fair notice is all that is required to survive at the pleading stage"]; see also Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009] [same]). Here, plaintiff has not had a full and fair opportunity to litigate her City and State HRL claims under the appropriate standards (see e.g. Lively, 211 AD3d 432; cf. Wiltz v City of New York, 191 AD3d 452 [1st Dept 2021]).
Plaintiff has sufficiently pleaded her claims of discrimination and hostile work environment under the State and City HRLs (see Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021]; see also Brown v City of New York, 188 AD3d 518 [1st Dept 2020]). The complaint alleges that she received more intense scrutiny and was excluded from meetings that her male, non-Black peer was invited to join. Defendant Victor Muallem allegedly subjected her to verbal abuse, in the presence of co-workers, clients, opposing counsel and arbitrators on several occasions, and even struck her during an arbitration hearing while she was cross-examining a witness. Plaintiff alleges that this behavior stemmed from discriminatory animus, as Muallem directed it towards only plaintiff and other Black female employees (see Campbell, 200 AD3d at 489).
Plaintiff has also sufficiently pleaded her retaliation claim, as the complaint alleges, and therefore provides defendants with fair notice of, defendants' retaliatory conduct following plaintiff's protected actions of filing various complaints and retaining counsel in response to defendants' allegedly discriminatory acts. Such retaliatory conduct includes, but is not limited to, defendants' forcing plaintiff to move to an office in extremely close proximity to her alleged abuser Muallem while ignoring plaintiff's [*2]reasonable plea not to do so. (Petit v Department of Educ. Of the City of N.Y., 177 AD3d at 403.)
Plaintiff sufficiently pleaded the aiding and abetting claims against defendant Sharon Gallo-Kotcher (see Tirschwell v TCW Group, Inc., 194 AD3d 665, 667 [1st Dept 2021]). Though the complaint alleges that she too engaged in discriminatory and retaliatory conduct, it also alleges that she was aware of Muallem's discriminatory conduct and did nothing to stop it (see Ajoku v New York State Off. of Temporary & Disability Assistance, 198 AD3d 437, 438 [1st Dept 2021]).
Finally, plaintiff sufficiently stated a claim under the GVMA (Administrative Code of City of NY § 8-903), as she alleged that Muallem physically harmed her by striking her on February 3, 2020, and that Muallem had directed animus against another Black female employee in the past. The Court must accept these allegations, which evidence at least some gender-based animus, as true on a motion to dismiss (Sassi v Mobile Life Support Servs., Inc., 37 NY3d 236, 241 [2021]).
We have considered the defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023