■ In the Matter of SIDNEY DAUB et al., Petitioners, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondents.— *Per Curiam.* Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review and annul a determination of the Board of Regents which revoked the architect's registration of petitioner Sidney Daub and suspended that of petitioner Gerald Daub for six months. The orders of revocation and suspension were stayed pending determination by this Court. Petitioners, father and son and licensed architects, each were charged with fraud, deceit or misconduct in the practice of archi-

tecture within the purview of (subd. 1, par. g of section 7308) of the Education Law and with unprofessional conduct within paragraph i of subdivision 1 of said section and subdivisions 2 and 7 of section 87 of the Regulations of the Commissioner of Education (8 NYCRR 69.3 [b], [g]). It was specified that each consulted in May and June of 1966 with Frank Dalia with respect to obtaining a zoning regulation variance to permit him to obtain a coffee house license, that petitioners offered to secure the variance for $6,000, half of which petitioners stated was to be used to bribe members of the New York City Bureau of Standards and Appeals with whom they had been in contact and who had agreed to receive said funds to influence them regarding Dalia's application, and that said statements were knowingly fraudulent and false. A reply brief indicates that Sidney Daub passed away five days after argument. Where a subsequently occurring event operates to destroy the finality of a determination or to make the question involved merely academic or abstract, it may be given consideration in deciding whether such determination shall be reviewed at all (*Matter of Weeks,* 97 App. Div. 131; 24 Carmody-Wait 2d, New York Practice, § 145:348). Because of said petitioner's death, if we annul the determination, there is no one to whom his license can be restored. Similarly, if we confirm, there is no one whose license can be revoked. Thus, the proceeding is academic as to said petitioner. The determination as to the son was " on the entire record, supported by substantial evidence " (CPLR 7803, subd. 4; *Matter of Sowa* v. *Looney,* 23 N Y 2d 329, 335; *Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327, 332). The hearing testimony that he agreed to approach a friend to determine if a member of the Board of Standards and Appeals would accept money for a favorable consideration constitutes evidence which demonstrates misconduct by said petitioner warranting discipline. Determination, insofar as it suspended petitioner Gerald Daub's registration, confirmed and interim stay vacated, without costs. Proceeding to review determination, insofar as it revoked petitioner Sidney Daub's registration, dismissed as academic, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum *Per Curiam.*