■ In the Matter of RICHARD SALVATORE, Doing Business as RICK'S TAVERN, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of PATRICIA FREY, Respondent. —Proceeding pursuant to Executive Law § 298 to review an order of the New York State Human Rights Appeal Board, dated June 2, 1983, which affirmed an order of the New York State Division of Human Rights, dated April 13, 1982, finding that the petitioner had engaged in sexual harassment and had discriminated against the complainant on the basis of sex, and directing him, inter alia, to offer to reemploy complainant with back pay, and pay her $1,500 for "the humiliation, upset and mental anguish she experienced". The State Division of Human Rights cross-petitions for enforcement of its order.

Order confirmed, without costs or disbursements, proceeding dismissed, and cross petition denied without prejudice to renewal at Special Term.

The agency's determination was supported by substantial evidence (see, Matter of Imperial Diner v State Human Rights Appeal Bd., 52 NY2d 72; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176).

We reject the petitioner's contention that the determination of the New York State Department of Labor that the employment of the complainant was terminated for unsatisfactory job performance bars her from bringing this proceeding. It is well settled that judicial review of an administrative determination is limited to the record before the agency (Matter of Seitelman v Lavine, 36 NY2d 165; Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd., 110 AD2d 704).

The instant record is devoid of any evidence regarding a prior administrative determination and, accordingly, the petitioner's contention is not subject to our consideration (see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, supra). Moreover, the petitioner neither asserted the defense of collateral estoppel in his answer to the complaint of discrimination (9 NYCRR 465.9 [c] [2]) nor established "reasonable grounds" for his failure to present evidence of the Department of Labor's determination before the Division (see, Executive Law § 298) so as to warrant remittal of this matter to the Division for the reception of such evidence.

Similarly unavailing is petitioner's contention that the Division's findings were predicated upon an error of law. While it is settled that the doctrine of respondeat superior is not available in cases involving sex discrimination (see, Matter of New York State Dept. of Correctional Servs. v McCall, 109 AD2d 953; Hart v Sullivan, 84 AD2d 865, affd 55 NY2d 1011) and that there must be proof that the employer either had knowledge of or acquiesced in the discriminatory conduct, where, as here, the employer and the harasser are the same individual, this requirement is clearly satisfied.

Petitioner also argues that this court must remit this matter with respect to the directives contained in the Division's order, since he has since sold his business and therefore cannot comply with the order which requires, inter alia, that he offer to reinstate complainant with full back pay to the date she accepts or rejects his offer. Since matters which occur after the making of an administrative determination are not properly included in the record before a reviewing court (see, 24 Carmody-Wait 2d, NY Prac § 145:348; Matter of Daub v Board of Regents, 33 AD2d 964), the petitioner must seek relief in a proceeding before the Division.

Finally, the Division has not demonstrated that it has conducted an investigation which has revealed the petitioner's willful noncompliance with the order (see, Executive Law § 298; Matter of State Div. of Human Rights v Union Carbide Corp., 34 AD2d 636). Therefore, the cross petition is denied without prejudice to renewal by the Division at Special Term (Executive Law § 298, L 1985, ch 340) upon a proper showing. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.