■ In the Matter of JOSEPH HORGAN, Doing Business as PJ

HORGAN RESTAURANT, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Behalf of KATHERINE O'CONNOR, Respondent. [599 NYS2d 99] —Proceeding pursuant to Executive Law § 298 to review an order of the New York State Division of Human Rights, dated September 6, 1990, which, after a hearing, found that the petitioner had engaged in sexual harassment and had discriminated against the complainant on the basis of her gender, and directed him, *inter alia,* to pay the complainant the sum of $10,000 in compensatory damages for mental anguish.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of deleting the award of $10,000 for mental anguish, and the order is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the New York State Division of Human Rights for the imposition of a new award of compensatory damages not to exceed $1,500.

The complainant was employed as a waitress by the petitioner and was sexually harassed for a period of two months until she was fired. At a public hearing, the complainant testified that she suffered mental anguish for a period of six months after she was discharged, although she immediately obtained a new job and vacationed for two months in Europe during this post-employment period. She also testified that she was afraid to accept rides home at night from male employees at her new job. The complainant did not proffer any medical or psychiatric evidence of her injury, nor did she seek medical advice. The Commissioner of the Division of Human Rights awarded compensatory damages in the sum of $10,000 for mental anguish suffered.

It is well settled that an award of compensatory damages to a person aggrieved by an illegal discriminatory practice may include compensation for mental anguish *(see, Matter of Board of Educ. v McCall,* 108 AD2d 855). Mental injury may be proven by the complainant's own testimony, corroborated by reference to the circumstances of the alleged misconduct *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207, 216, *on remittitur* 181 AD2d 891, *amended* 185 AD2d 889).

An award of $10,000 was not reasonably related to the wrongdoing of the petitioner *(see, Matter of Almeter v State Div. of Human Rights,* 133 AD2d 530; *see also, Matter of Salvatore v New York State Div. of Human Rights,* 118 AD2d 715). The petitioner intermittently harassed the complainant

over a period of two months and the statements made by the petitioner were not egregious or blatant. The evidence with respect to the magnitude and duration of the mental anguish also does not support the damage award *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights, supra).* Comparing this case to similar cases, an award of $10,000 is excessive and we remit for the imposition of a new award not to exceed $1,500 *(Pioneer Group v State Div. of Human Rights,* 174 AD2d 1041). Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.