◼ In the Matter of A.S.A.P. PERSONNEL SERVICES, INC., et al., Petitioners, v MARGARITA ROSA, Respondent. [631 NYS2d 396] — Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated March 31, 1993, which adopted the recommendation of an Administrative Law Judge, made after a hearing, finding that the petitioners had discriminated against the complainant on the basis of her pregnancy and awarding the complainant damages in the principal sums of $25,000 for mental anguish and $8,200 for back pay.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of annulling the provision of the determination which awarded the complainant $25,000 for damages for mental anguish, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the New York State Division of Human Rights for the imposition of a new award of damages for mental anguish not to exceed $5,000.

Contrary to the petitioners' contention, the determination of the New York State Division of Human Rights (hereinafter the DHR) is supported by substantial evidence. While the petitioners presented some evidence that could be regarded as casting doubt on the claim that it had discriminated against the complainant based on her pregnancy, the DHR's determination is conclusive if, as in this case, it is "supported by sufficient evidence on the record considered as a whole" (Executive Law § 298). "We may not weigh the evidence or reject [the DHR's determination] * * * where the evidence is conflicting and room for a choice exists. When a rational basis for the conclusion approved by the [DHR] is found, the judicial function is exhausted" *(Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.,* 59 NY2d 69, 75; *see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-181).

Nevertheless, the award of $25,000 for damages for mental

anguish is excessive. In order to sustain an award of damages for mental anguish, there must be evidence that the mental anguish was caused by the discriminatory practice, and there must be some evidence of the magnitude of the injury *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207, 216-217; *Matter of Horgan v New York State Div. of Human Rights,* 194 AD2d 674, 676).

The complainant, while experiencing discrimination as a result of her pregnancy, was not subjected to prolonged discrimination. The discriminatory conduct in this case was limited to a single encounter when the complainant's co-workers were not present. The complainant was not subjected to rude or egregious treatment that might have aggravated her mental anguish. Furthermore, the complainant adduced no evidence of the duration or magnitude of her mental anguish. Her testimony was limited to conclusory assertions about the distress that she felt. Therefore, an award of $25,000 for damages for mental anguish is not reasonably related to the petitioners' wrongdoing, and we remit the matter to the DHR for the imposition of a new award not to exceed $5,000 *(see, Matter of Van Cleef Realty v State Div. of Human Rights,* 216 AD2d 306; *Matter of New York City Tr. Auth. v State Div. of Human Rights, supra; see also, Matter of Cosmos Forms v State Div. of Human Rights,* 150 AD2d 442).

We have reviewed petitioners' remaining contentions and find that they are without merit. Miller, J. P., O'Brien, Hart and Goldstein, JJ., concur.