█ In the Matter of CARL PALMBLAD, Doing Business as SMILEMAKERS, Petitioner, v KUMIKI GIBSON et al., Respondents. [881 NYS2d 139]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated June 29, 2007, which adopted the recommendation of an Administrative Law Judge dated May 31, 2007, made after a hearing, inter alia, finding that the petitioner unlawfully discriminated against Veronica Rinaldi on the basis of her pregnancy in violation of Executive Law § 296, and awarding her damages in the principal sums of $65,032 for back pay and $30,000 for mental anguish. The New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination.

Adjudged that that branch of the petition which is to annul the damages awards is granted, on the law, without costs or disbursements, those portions of the determination awarding Veronica Rinaldi damages in the principal sums of $65,032 for back pay and $30,000 for mental anguish are annulled, the de-

termination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the New York State Division of Human Rights for the imposition of a new damages award for back pay consistent herewith and a new damages award for mental anguish in an amount not to exceed the sum of $5,000.

The determination of the Commissioner of the New York State Division of Human Rights that Veronica Rinaldi was discriminated against on the basis of her pregnancy is supported by substantial evidence (see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331-332 [2003]; Matter of A.S.A.P. Personnel Servs. v Rosa, 219 AD2d 648 [1995]). However, the amount awarded for back pay was improper. A complainant in a discrimination matter "ordinarily has a duty to exercise diligence to mitigate his or her damages by making reasonable efforts to obtain comparable employment" (Rio Mar Rest. v New York State Div. of Human Rights, 270 AD2d 47, 48 [2000]). Here, the record demonstrates that Rinaldi failed to diligently seek new employment from the time of her discharge on May 7, 2003 until January 1, 2004, and that after February 2004, she failed to diligently seek a position offering hours similar to those of her prior position. Further, based on, inter alia, the awards rendered in similar cases, we find that the award of damages for mental anguish was excessive to the extent indicated (see Matter of State of New York v New York State Div. of Human Rights, 284 AD2d 882, 884 [2001]; Matter of A.S.A.P. Personnel Servs. v Rosa, 219 AD2d at 649; Matter of Cosmos Forms v State Div. of Human Rights, 150 AD2d 442, 443-444 [1989]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.