■ ILENE DEGREGORIO, Individually and on Behalf of All Others Similarly Situated, Appellant, v RICHMOND ITALIAN PAVILION, INC., Doing Business as BELLA VITA II, Respondent. [935 NYS2d 70]—

The plaintiff commenced this action alleging that she was forced to leave the defendant's restaurant when the restaurant refused to permit her service dog inside the establishment. The plaintiff, who was not blind, required use of a service dog to, inter alia, help her maintain her balance.

On August 28, 2009, following a nonjury trial, the Supreme Court concluded, in effect, that the defendant violated the Americans with Disabilities Act (42 USC § 12101 *et seq.*), New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq.*), and New York Civil Rights Law § 47-b.

However, the Supreme Court determined that there was no evidence that the defendant discriminated against any other customers with disabilities, and it noted that the plaintiff testified that she had dined at the defendant's restaurant on numerous prior occasions without incident. The Supreme Court also noted that the plaintiff failed to demonstrate her entitlement to any compensatory damages. Among other things, the court directed the defendant to pay a fine of $250 to the State of New York and further directed, in effect, the defendant to permit service dogs into the restaurant when validly accompanying persons with disabilities in compliance with federal, state, and local law. Thereafter, the plaintiff moved for an award of an attorney's fee in the amount of $82,297.75 and costs in the amount of $2,034.74. In the order appealed from, the Supreme Court denied the motion. The plaintiff appeals. We affirm.

Generally, a party must pay his or her own attorney's fee unless an award is authorized by an agreement between the parties, or by statute or court rule (*see American Motorists Ins. Co. v Trans Intl. Corp.*, 265 AD2d 280, 281 [1999]). Here, the plaintiff cannot recover an award of an attorney's fee under the New York Civil Rights Law, which does not provide for such relief (*see* Civil Rights Law § 47-b [1]).

However, in an action commenced pursuant to the Americans With Disabilities Act, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" (42 USC § 2000a-3 [b]; *see* § 12188). Similarly, the New York City Human Rights Law, provides that "the court, in its discretion, may award the prevailing party costs and reasonable attorney's fees" (Administrative Code of City of NY § 8-502 [f]; *see McGrath v Toys "R" Us, Inc.*, 3 NY3d 421, 434 [2004]).

"[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff" (*Farrar v Hobby*, 506 US 103, 111-112 [1992]; *see Abrahamson v Board of Educ. of Wappingers Falls Cent. School Dist.*, 374 F3d 66, 78 [2004]). "At a minimum, this modification occurs when a plaintiff obtains an enforceable judgment on the merits . . . requiring some action by a defendant such as payment of damages, or some specific performance, or the termination of some conduct" (*Abrahamson v Board of Educ. of Wappingers Falls Cent. School Dist.*, 374 F3d at 79 [internal quotation marks and citations omitted]). Here, although the Supreme Court issued an injunction that only required the defendant to comply with applicable laws prohibiting discrimination, this was sufficient to render the plaintiff a prevailing party under the circumstances (*id.*).

However, even where a party establishes that it is a prevailing party, "the requested fee must also be reasonable" (*Pino v Locascio*, 101 F3d 235, 237 [1996]). A court is vested with "discretion" in determining the appropriate amount of fees (42 USC § 2000a-3 [a]; *see* Administrative Code of City of NY § 8-502 [f]; *see Hensley v Eckerhart*, 461 US 424, 453-454 [1983]). "The most important factor in determining the reasonableness of a fee is the degree of success obtained" (*Pino v Locascio*, 101 F3d at 237; *see Farrar v Hobby*, 506 US at 114). The United States Supreme Court has noted that "[i]n some circumstances, even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all" (*Farrar v Hobby*, 506 US at 115). Moreover, "fee awards are not appropriate where, having failed to capture compensatory or punitive damages, a plaintiff wins only 'the moral satisfaction of knowing that a . . . court concluded that [their] rights had been violated' " (*Pino v Locascio*, 101 F3d at 238, quoting *Farrar v Hobby*, 506 US at 114). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for an award of an attorney's fee (*see Farrar v Hobby*, 506 US at 115; *Pino v Locascio*, 101 F3d at 238; *Jian Ren Chen v City of New York*, 64 AD3d 542, 543 [2009]; *Matter of Shah v DeBuono*, 257 AD2d 256, 260 [1999]).

The plaintiff's remaining contentions are either not properly before this Court or without merit. Angiolillo, J.P., Hall, Cohen and Miller, JJ., concur.