■ In the Matter of Framboise Pastry Inc. et al., Petitioners, v New York City Commission on Human Rights et al., Respondents. [30 NYS3d 49]—

Determination of respondent New York City Commission on Human Rights (the Commission), dated September 25, 2013, which, after a hearing, found that petitioners violated New York City Human Rights Law (Administrative Code of City of NY) § 8-107 (1) (a), and ordered them to pay $10,000 in compensatory damages to respondent Jamilah DaCosta, and $15,000 in civil penalties, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Shlomo Hagler, J.], entered Sept. 16, 2014), dismissed, without costs.

The untimely amendment of the complaints to name the individual petitioners by their legal names, rather than nicknames followed by "Doe," was properly permitted in the absence of any prejudice.

The challenged determination is based on substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). There is no basis to disturb the credibility determinations of the Administrative Law Judge (ALJ) (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). The ALJ found that DaCosta credibly testified that petitioner Panagiota Meimetea, who co-owned petitioner Framboise Pastry Inc. (Framboise) with petitioner Ajith Saputhanthri, expressly declined to hire DaCosta for a counter position at a bakery because she was black. Petitioners' claim that DaCosta was rejected because she was unqualified was belied by petitioners' decision to interview her after she sent them her resume listing her extensive job experience, including as a waitress and bartender, without referring to any bakery experience.

The ALJ properly rejected the contention that there was no evidence that Framboise Pastry Inc. (Framboise) had at least four employees, as required to constitute an employer within the meaning of Human Rights Law § 8-102 (5). Framboise failed to deny its status as an employer, and the Commission's rules provide that "[a]ny allegation in the complaint not specifically denied or explained shall be deemed admitted unless good cause to the contrary is shown" (47 RCNY 1-14 [b]). Even aside from that tacit admission, the evidence affirmatively showed that Framboise had at least four employees.

The compensatory damages and civil penalties are reasonable (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216 [1991]; *see e.g. Matter of Secor v City of New York*, 13 Misc 3d 1220[A], 2006 NY Slip Op 51924[U] [Sup Ct, NY County 2006]). The $10,000 in compensatory damages for DaCosta's mental anguish was supported by her "own testimony, corroborated by reference to the circumstances of the alleged misconduct" (*Matter of New York City Tr. Auth.*, 78 NY2d at 216). Petitioners' gender discrimination in posting or causing to be posted an employment advertisement seeking a "counter girl," in the absence of any specific evidence of male job-seekers being dissuaded from applying for the position, warranted the relatively small penalty of $5,000. Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.