Matter of Oz Trucking & Rigging Corp. v New York State Div. of Human Rights (2019 NY Slip Op 09009)





Matter of Oz Trucking & Rigging Corp. v New York State Div. of Human Rights


2019 NY Slip Op 09009


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2018-09771
 (Index No. 2486/17)

[*1]In the Matter of Oz Trucking and Rigging Corp., et al., petitioners/cross-respondents, 
v
New York State Division of Human Rights, respondent/cross-petitioner, et al., respondent.


Certilman Balin Adler & Hyman LLP, East Meadow, NY (Douglas E. Rowe of counsel), for petitioners/cross-respondents.
Caroline J. Downey, Bronx, NY (Toni Ann Hollifield of counsel), for respondent/ cross-petitioner.



DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated March 13, 2017, and cross petition by the New York State Division of Human Rights to enforce the determination. The determination adopted the alternative proposed order of adjudication counsel dated January 31, 2017, made after a hearing before an administrative law judge, finding that the complainant was subjected to a hostile work environment because of her sex and awarding the complainant compensatory damages in the principal sum of $7,500 for mental anguish and humiliation, and assessing a civil fine and penalty against the petitioners in the sum of $10,000.
ADJUDGED that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, and the cross petition is granted, with costs to the respondent/cross-petitioner.
On November 10, 2014, Donna Bertuccio Quinn (hereinafter the complainant) filed a complaint with the New York State Division of Human Rights (hereinafter NYSDHR) against Oz Trucking and Rigging Corp. (hereinafter Oz), alleging that, during her employment with Oz, its owner, Paul Ousey, subjected her to repeated unwanted sexual comments and advances. After an investigation, NYSDHR found that probable cause existed to believe that Oz and Ousey had engaged in unlawful discriminatory practices, and the matter was referred for public hearing. After a public hearing, the administrative law judge issued a recommended findings of fact, opinion, and decision & order dated August 15, 2016, concluding that the complainant failed to establish her case and recommending that the complaint be dismissed. Adjudication counsel for NYSDHR issued an alternative proposed order finding that Oz and Ousey unlawfully discriminated against the complainant by creating a sexually hostile workplace environment, awarding the complainant compensatory damages in the principal sum of $7,500 for mental anguish and humiliation, and assessing a civil fine and penalty against Oz and Ousey in the sum of $10,000. In a determination [*2]dated March 13, 2017, the Commissioner of NYSDHR adopted the alternative proposed order in its entirety. Oz and Ousey then commenced this proceeding pursuant to Executive Law § 298 to review the determination, and NYSDHR filed a cross petition to enforce the determination.
Judicial review of a determination made by NYSDHR after a hearing "is limited to consideration of whether substantial evidence supports the . . . determination" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331). A court may not substitute its judgment for that of NYSDHR, and where conflicting evidence exists, it is for NYSDHR to pass upon the credibility of witnesses and to base its inferences on what it accepts as the truth (see Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106; Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899). The findings of fact underlying the final order are conclusive if "supported by sufficient evidence on the record considered as a whole" (Executive Law § 298). A reviewing court may not set aside a determination by NYSDHR "merely because the opposite decision would have been reasonable and also sustainable" (Matter of Hilal v New York State Div. of Human Rights, 57 AD3d 898, 899 [internal quotation marks omitted]).
Here, substantial evidence supports the determination that Oz and Ousey discriminated against the complainant by subjecting her to a sexually hostile work environment. At the hearing, the complainant testified that, in the workplace, she was subjected by Ousey to severe and pervasive sexualized comments and unwanted touching. The complainant testified that she repeatedly rejected Ousey's advances and expressed to him that she felt his comments were inappropriate. The complainant's testimony was supported by testimony from other former employees of the petitioners. To the extent that the complainant's testimony conflicted with Oz's and Ousey's evidence, such conflict presented issues of credibility that were for NYSDHR to resolve (see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 899).
We reject Oz's and Ousey's further contention that the compensatory damages awarded for mental anguish and humiliation are excessive as a matter of law and unsupported by the evidence. In reviewing an award for mental anguish and humiliation, we assess whether the award is reasonably related to the wrongdoing, whether it is supported by substantial evidence, and whether it is comparable to awards in similar cases (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 218-219). Here, mental anguish and humiliation were shown through the complainant's testimony and were corroborated by the circumstances of the harassment (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d at 216). The complainant testified, and NYSDHR determined, that she was subjected to "constant sexual badgering and inappropriate behavior" for the entire two years she was employed by Oz, and endured two instances of unwanted physical contact. On at least one occasion, the complainant was so humiliated and mortified that she left the office on the verge of tears. Moreover, the award is within the range established by similar cases (see Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Div. of Human Rights, 225 AD2d 553; Matter of A.S.A.P. Personnel Servs. v Rosa, 219 AD2d 648; Matter of Quality Care v Rosa, 194 AD2d 610).
Finally, we reject Oz's and Ousey's contention that NYSDHR's imposition of a civil fine and penalty was arbitrary and capricious and excessive. Judicial review of an administrative penalty is limited to whether the penalty imposed "is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [intenal quotation marks omitted). Here, the determination that Ousey's actions were outrageous and deliberate is supported by the record, and the imposition of a $10,000 penalty was not an abuse of discretion.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court