Matter of New York State Unified Ct. Sys. v New York State Div. of Human Rights (2020 NY Slip Op 01252)





Matter of New York State Unified Ct. Sys. v New York State Div. of Human Rights


2020 NY Slip Op 01252


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11075 450006/18

[*1] In re New York State Unified Court System, etc., Petitioner,
v
New York State Division of Human Rights, et al., Respondents.


John W. McConnell, Office of Court Administration, New York (Pedro Morales of counsel), for petitioner.
Caroline J. Downey, Bronx (Michael K. Swirsky of counsel), for New York State Division of Human Rights, respondent.
Jakub R. Zaic, respondent pro se.



Final order of respondent New York State Division of Human Rights (DHR), dated November 15, 2017, which adopted the recommended order of the Administrative Law Judge, and determined, following a hearing, that petitioner New York State Unified Court System, Office of Court Administration (OCA) discriminated against respondent Jakub R. Zaic based on a disability, and directed petitioner to, inter alia, cease and desist from subjecting individuals to blanket exclusions from the court officer-trainee job title based on hearing loss or the use of hearing aids, pay a civil fine and penalty of $30,000, and pay respondent Zaic $5,000 in compensatory damages, unanimously confirmed, and the proceeding (transferred to this Court pursuant to pursuant to Executive Law § 298 by order of the Supreme Court, New York County [Shlomo Hagler, J.], entered June 8, 2018), dismissed, without costs.
The Commissioner's finding of discrimination is supported by substantial evidence. First, Zaic, currently a per diem court interpreter for OCA in its courts and in other courts, established a prima facie case that OCA discriminated against him on account of his disability of some hearing loss in his right ear (Melman v Montefiore Med. Ctr., 98 AD3d 107, 112-113 [1st Dept 2012]; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 35 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). Zaic sufficiently demonstrated that upon the provision of reasonable accommodation, namely, a hearing aid, he can perform in a reasonable manner the essential functions of a court officer-trainee (Executive Law § 292 [21]; Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 883-884 [2013]).
Among other things, Zaic passed the written test for the court officer-trainee position and was conditionally hired. In addition, although the job duties are different, he adequately performed the functions of court interpreter without a hearing aid and without complaints from those who used his services. OCA bans the use of hearing aids on the job or for the audiometric test to medically qualify for the position. Zaic was not obligated to be evaluated for and purchase a hearing aid, and to retake the audiometric test, at his expense, to further make his prima facie case after OCA made clear it still would deem him unqualified and reject such test results.
Permitting court officers to wear a hearing aid is a reasonable accommodation and would not, as OCA argues, impose undue hardship on OCA by posing any "direct threat," i.e. "a significant risk of substantial harm to the . . . safety of the employee or others" (9 NYCRR 466.11[g][2][I]; Executive Law §§ 292[21-e], 296[3][a]; Pimentel v Citibank, N.A., 29 AD3d 141, 145 [1st Dept 2006], lv denied 7 NY3d 707 [2006]). OCA cites only to the physical demands of the job and the speculative risk that a hearing aid could become dislodged in a [*2]scuffle or fail to operate in an emergency. OCA's argument is undermined by its own policy permitting court officer-trainee candidates to meet its vision standard with or without corrective lenses or glasses, which could be lost or become dislodged in a scuffle.
Next, OCA failed to provide any legitimate non-discriminatory reason for its decision. An individual may be denied employment because of a disability only if that condition will prevent him from performing in a reasonable manner the activities involved in the job or occupation sought, based on an individualized assessment of the specific individual (Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106-107 [1987]). No sufficiently individualized assessment occurred here, nor does OCA's formula take into account the ability of someone with asymmetrical hearing loss to perform the essential functions of a court officer-trainee.
Similarly, while OCA's preference for those with a minimal amount of hearing acuity might be a bona fide occupational qualification (Executive Law § 296[1][d]), its preference for hearing acuity without the use of a hearing aid is not.
Given OCA's blanket policy barring hearing-impaired persons from employment as court officers and its failure to accommodate Zaic who had an asymmetric hearing loss, the civil penalty of $30,000 was correctly assessed (Executive Law § 297[4][c] [a civil penalty below $50,000 may be assessed if an entity is found to have committed an "unlawful discriminatory act").
" Judicial review of an administrative penalty is limited to whether the measure or mode of penalty . . . constitutes an abuse of discretion as a matter of law . . . . [A] penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness'" (Matter of County of Erie v New York State Div. of Human Rights, 121 AD3d 1564, 1566 [4th Dept 2014], quoting Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; see also Matter of New York State Div. of Human Rights v International Fin. Servs. Group, 162 AD3d 576 [1st Dept 2018]). Further, we have upheld civil penalties if they were "reasonable" (Matter of Framboise Pastry Inc. v New York City Commn. On Human Rights, 138 AD3d 532, 533 [1st Dept 2016]). Here, the civil penalty was not an abuse of discretion. Nor was it was unreasonable.
The record contains substantial evidence to support the Commissioner's finding that Zaic is entitled to a compensatory damages award of $5,000 (Executive Law § 297[4][c][iii]; Matter of Framboise Pastry Inc. v New York City Commn. on Human Rights, 138 AD3d 532, 533 [1st Dept 2016]; see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 216-217 [1991]; Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, 35 NY2d 143, 147 [1974]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK