Abad v Francis Lewis, LLC (2023 NY Slip Op 04645)

Abad v Francis Lewis, LLC

2023 NY Slip Op 04645

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-07376
 (Index No. 707396/16)

[*1]Diana Abad, appellant, 2431
v
Francis Lewis, LLC, et al., defendants.

Buttafuoco & Associates, PLLC, Woodbury, NY (Ellen Buchholz of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), dated August 31, 2021. The order, after an inquest on the issue of damages against the defendant 2431 Francis Lewis, LLC, sua sponte, directed the dismissal of the complaint insofar as asserted against that defendant.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination on the issue of damages against the defendant 2431 Francis Lewis, LLC.
The plaintiff allegedly was injured when she tripped and fell on a sidewalk defect abutting an empty lot in Queens. The plaintiff subsequently commenced this action to recover damages for personal injuries against, among others, the owner of the abutting property, the defendant 2431 Francis Lewis, LLC (hereinafter the defendant). The defendant failed to appear or answer the complaint. In an order dated October 3, 2019, the Supreme Court, inter alia, granted the plaintiff's unopposed cross-motion for leave to enter a default judgment against the defendant, and directed an inquest on the issue of damages against that defendant. After conducting the inquest, the court, in an order dated August 31, 2021, determined that the plaintiff had failed to establish, prima facie, that the defendant proximately caused the accident, and thereupon, sua sponte, directed the dismissal of the complaint insofar as asserted against it. The plaintiff appeals.
By defaulting, the defendant admitted "all traversable allegations in the complaint, including the basic allegation of liability" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; see LD Acquisition Co. 9, LLC v TSH Trade Group, LLC, 211 AD3d 928, 930; Arluck v Brezinska, 180 AD3d 634, 634). "As such, the sole issue to be determined at the inquest was the extent of the damages sustained by the plaintiff, and the Supreme Court should not have considered issues of liability" (Arluck v Brezinska, 180 AD3d at 635; see Rokina Opt. Co. v Camera King, 63 NY2d at 730; Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756).
Accordingly, we reverse the order appealed from, and remit the matter to the Supreme Court, Queens County, for a new determination on the issue of damages.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court