Matter of State Div. of Human Rights v C&A Cent. Realty, Inc. (2025 NY Slip Op 04051)

Matter of State Div. of Human Rights v C&A Cent. Realty, Inc.

2025 NY Slip Op 04051

Decided on July 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 03, 2025

Before: Kern, J.P., Kennedy, Kapnick, Scarpulla, O'Neill Levy, JJ. 

Index No. 819094/23|Appeal No. 4684|Case No. 2024-05315|

[*1]In the Matter of State Division of Human Rights, Petitioner,
v
C&A Central Realty, Inc., et al., Respondents.

Melissa Franco, State Division of Human Rights, Bronx (Michael K. Swirsky of counsel), for petitioner.

Application pursuant to Executive Law § 298 to enforce the order of petitioner State Division of Human Rights (DHR), dated June 28, 2023, which found that respondents real estate brokerage and its employee (brokers) denied their services to respondent housing applicant (complainant) on the basis of his disability and lawful source of income in violation of the New York State Human Rights Law (HRL), awarded complainant $7,500 plus interest for mental anguish and humiliation, assessed a civil penalty of $8,000 plus interest against the brokers, and ordered the brokers to train their supervisors and employees regarding their obligations under the HRL (transferred to this Court by order of Supreme Court, Bronx County [Marissa Soto, J.], entered March 11, 2024), unanimously granted, and the order confirmed, without costs.
DHR's findings that the brokers discriminated against complainant based on his disability and lawful source of income, which caused him mental anguish (Executive Law § 296[5][c][1]), are supported by "sufficient evidence on the record considered as a whole" (Executive Law § 298; Matter of State Div. of Human Rights v Bystricky, 30 NY2d 322, 326 [1972]). The record shows that complainant told the brokers he had a Section 8 voucher and received disability benefits, the brokers told him there were available apartments for "working people" and some landlords do not want Section 8 tenants, and the brokers never contacted complainant again after claiming they were trying their "very best" and would call him "as soon as we have something available." The brokers defaulted in this proceeding, and therefore failed to rebut the prima facie showing of discrimination (see Matter of New York State Div. of Human Rights v Neighborhood Youth & Family Servs., 102 AD3d 491, 491 [1st Dept 2013]).
The award of damages for mental anguish was appropriate under the circumstances (Executive Law § 297[4][c][iii]; see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 216-217 [1991]; Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, 35 NY2d 143, 145-147 [1974]). DHR also providently imposed the civil penalty (Executive Law § 297[4][c][vi]; see Matter of State Div. of Human Rights v Weichert, 229 AD3d 1236, 1237 [4th Dept 2024]; Matter of Sherwood Terrace Apts. v New York State Div. of Human Rights, 61 AD3d 1333, 1334 [4th Dept 2009]). Moreover, neither amount is "so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of New York State Unified Ct. Sys. v New York State Div. of Human Rights, 180 AD3d 555, 557 [1st Dept 2020], lv denied 35 NY3d 916 [2020] [internal quotation marks omitted]).
DHR providently ordered the brokers to provide training to their supervisors and employees, to ensure that they "cease and desist" from discriminatory practices and report compliance (Executive Law § 297[4][c][i], [vii]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 3, 2025