Reilly v Grieco (2025 NY Slip Op 05711)

Reilly v Grieco

2025 NY Slip Op 05711

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-11308 
2024-12235
2025-00391
 (Index No. 61081/21)

[*1]Diane Reilly, appellant,
v
Daniel Grieco, respondent.

Kevin T. Mulhearn, P.C., Orangeburg, NY, for appellant.
Stephen R. Lewis, White Plains, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated September 26, 2023, (2) an order of the same court (Helen M. Blackwood, J.) dated October 3, 2023, and (3) a judgment of the same court (Helen M. Blackwood, J.) dated October 5, 2023. The order dated September 26, 2023, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages and for a new trial on the issue of damages. The judgment, upon an order of the same court (Leonard D. Steinman, J.) dated August 15, 2022, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendant on the issue of liability, upon an order of the same court (Helen M. Blackwood, J.) dated November 18, 2022, denying the defendant's motion, among other things, pursuant to CPLR 5015(a)(1) to vacate his default in appearing or answering the complaint, upon the jury verdict on the issue of damages, and upon the order dated September 26, 2023, is in favor of the plaintiff and against the defendant in the total sum of $0.
ORDERED that the appeal from the order dated September 26, 2023, is dismissed; and it is further,
ORDERED that the appeal from the order dated October 3, 2023, is dismissed as abandoned; and it is further,
ORDERED that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages and for a new trial on the issue of damages is granted, the order dated September 26, 2023, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of damages; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated October 3, 2023, must be dismissed as abandoned, as the plaintiff does not raise any argument in her brief with respect to the appeal from that order (see Neumann v Silverstein, 227 AD3d 914, 915). The appeal from the order dated September 26, 2023, [*2]must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action in August 2021 pursuant to the Child Victims Act (see CPLR 214-g), alleging that the defendant sexually abused her when she was a child. After the defendant failed to appear or answer the complaint, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against him on the issue of liability and directed a jury trial on the issue of damages, in an order dated August 15, 2022. The defendant moved, inter alia, to vacate the default, but the court denied the motion and directed the parties to appear for trial on the issue of damages, in an order dated November 18, 2022.
Before trial, the plaintiff moved, inter alia, to preclude any testimony that would explicitly or implicitly suggest that the defendant did not sexually abuse the plaintiff when she was a child. In an order dated June 16, 2023, the Supreme Court, among other things, granted that branch of the motion. Notwithstanding the court's prior orders granting the plaintiff leave to enter a default judgment against the defendant on the issue of liability and expressly prohibiting any testimony that would deny liability, at trial, over the plaintiff's objection, the court allowed the defendant to testify that the plaintiff's allegations of sexual abuse were untrue and that he had never sexually abused the plaintiff. The court also denied the plaintiff's application to strike that testimony. The jury returned a verdict awarding the plaintiff the sum of $0 for past and future pain and suffering, the sum of $0 for future medical expenses, and finding that she was not entitled to punitive damages. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages, among other grounds, in the interest of justice based upon the court's error in allowing the defendant to testify on the issue of liability and for a new trial on the issue of damages. In an order dated September 26, 2023, the court denied the motion. Subsequently, the court entered a judgment awarding the plaintiff the total sum of $0. The plaintiff appeals.
Contrary to the defendant's contention (see id. § 5501[a][1]), the Supreme Court properly denied his motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate his default in appearing or answering the complaint. A defendant seeking to vacate a default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Marquez v GSB Supply, Inc., 240 AD3d 877, 878; Rodriguez v Kvatchadze, 237 AD3d 765, 766). Here, the defendant failed to proffer a reasonable excuse for his default. The defendant's belief that the lawsuit was not legitimate and that he need not respond to it did not constitute a reasonable excuse (see US Bank N.A. v Salvatierra, 205 AD3d 757, 758; M & T Bank v Ronnermann, 199 AD3d 996). Since the defendant failed to establish a reasonable excuse for his default, it is unnecessary to consider whether he sufficiently demonstrated the existence of a potentially meritorious defense to the action (see Aslan Holdings Corp. v Schiff, 240 AD3d 734, 735; Rodriguez v Kvatchadze, 237 AD3d at 767). The defendant's remaining contentions regarding his motion are either waived or without merit.
Furthermore, there must be a new trial on the issue of damages.
CPLR 4404(a) authorizes a court to set aside a jury verdict and order a new trial in the interest of justice (see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381). In considering such a motion, the court "must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to . . . common sense, experience and sense of fairness rather than to precedents in arriving at a decision" (id. [citation and internal quotation marks omitted]; see Schuster v Sourour, 207 AD3d 491, 494; Rocco v Ahmed, 146 AD3d 836, 837).
Here, the Supreme Court erred in permitting the defendant to testify that the plaintiff's allegations of sexual abuse were untrue and that he had never sexually abused the plaintiff. The testimony violated the court's pretrial order expressly prohibiting such testimony. Moreover, a defaulting defendant "admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (Rokina Opt. Co. [*3]v Camera King, 63 NY2d 728, 730; see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880). "Accordingly, at a trial to determine the amount of a plaintiff's real damages, the defendant will not be allowed to introduce evidence tending to defeat the plaintiff's cause of action" (Rokina Opt. Co. v Camera King, 63 NY2d at 730; see Abad v Francis Lewis, LLC, 219 AD3d 1389, 1390; Castaldini v Walsh, 186 AD3d 1193, 1194). The defendant's testimony denying the basic allegation of liability prejudiced a substantial right of the plaintiff, as that issue had been decided in her favor, and possibly affected the jury's verdict on the issue of damages. Accordingly, the court should have granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages (see Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023).
In light of our determination, we do not reach the plaintiff's remaining contentions.
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court