Levine v Pee Wee & Tyson, Ltd. (2025 NY Slip Op 06850)

Levine v Pee Wee & Tyson, Ltd.

2025 NY Slip Op 06850

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-05234
 (Index No. 526429/19)

[*1]Raye Levine, appellant, 
vPee Wee & Tyson, Ltd., etc., et al., defendants.

Akin & Salaman PLLC, New York, NY (Robert D. Salaman of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of gender and unlawful retaliation in violation of the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Sharon A. Bourne-Clarke, J.), dated March 22, 2023. The order, after an inquest on the issue of damages, determined that the plaintiff had not established her entitlement to damages and directed dismissal of the complaint.
ORDERED that the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in favor of the plaintiff and against the defendant Pee Wee & Tyson, Ltd., in the sums of $7,500 for compensatory damages and $7,500 for attorney's fees, plus $726.55 for costs and disbursements.
In December 2019, the plaintiff commenced this action to recover damages for employment discrimination on the basis of gender and unlawful retaliation in violation of the New York City Human Rights Law (NYCHRL) (Administrative Code of City of NY § 8-101 et seq.). By order dated June 13, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Pee Wee & Tyson, Ltd., trading as Café Gitane (hereinafter Café Gitane), and directed an inquest on the issue of damages. At the inquest, the plaintiff, who was the sole witness, testified regarding her alleged damages. Thereafter, in an order dated March 22, 2023, the court determined that the plaintiff "failed to prove entitlement to damages for which an award may be granted" and directed dismissal of the complaint. The plaintiff appeals.
By defaulting, Café Gitane admitted "all traversable allegations in the complaint, including the basic allegation of liability" (Abad v Francis Lewis, LLC, 219 AD3d 1389, 1390 [internal quotation marks omitted]; see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880; Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756; Abbas v Cole, 44 AD3d 31, 33). However, "an allegation of damage is not a traversable allegation and, therefore, a defaulting defendant does not admit the plaintiff's conclusion of damages" (Abbas v Cole, 44 AD3d at 33 [internal quotation marks omitted]; see Amusement Bus. Underwriters v American Intl. Group, 66 [*2]NY2d at 880; Dominguez v Malecon Shipping, Inc., 211 AD3d 913, 914). Accordingly, the sole issue to be determined at the inquest was the extent of the damages sustained by the plaintiff (see Abad v Francis Lewis, LLC, 219 AD3d at 1390; Castaldini v Walsh, 186 AD3d 1193, 1194; Jihun Kim v S & M Caterers, Inc., 136 AD3d at 756; Gonzalez v Wu, 131 AD3d 1205, 1206). Nevertheless, at the inquest, the plaintiff bore the burden of setting forth a prima facie case as to damages (see Bobbo Prop. Mgt., Inc. v Faulkner, 235 AD3d 615; Oparaji v 245-02 Merrick Blvd, LLC, 149 AD3d 1091, 1092).
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that, in a close case, the trial judge had the advantage of seeing the witnesses" (Diederich v Wetzel, 170 AD3d 954, 954; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Reingold v Bowins, 180 AD3d 722, 723; Betsy Meyer Assoc., Inc. v Lorber, 42 AD3d 509).
"The NYCHRL provides for compensatory and punitive damages and other remedies against employers and employees found directly or vicariously liable for discrimination" (Chauca v Abraham, 30 NY3d 325, 330; see Administrative Code § 8-502[a]). At the inquest, the plaintiff sought damages in the sums of $100,000 for lost wages, $150,000 for mental anguish, and $250,000 for punitive damages.
Regarding her claim for lost wages, the plaintiff testified that she had been employed as a waitress for Café Gitane and was paid minimum wage plus tips. However, her testimony regarding the number of hours she worked per week, as well as the time period for which she was claiming entitlement to lost wages, was too vague to permit calculation of her damages for lost wages, and the plaintiff did not offer any other evidence to support that claim. Accordingly, the Supreme Court properly determined, in effect, that the plaintiff failed to establish the amount of damages for lost wages (see Davis v Navada's Bar & Lounge, LLC, 2024 WL 1531092, *11, 2024 US Dist LEXIS 37759, *34 [ED NY, No. 22 CV 4176 (LDH) (CLP)]; Sanderson v Leg Apparel LLC, 2024 WL 898654, *5, 2024 US Dist LEXIS 37649, *10 [SD NY, No. 19-cv-8423 (GHW)]; Munson v Diamond, 2017 WL 4863096, *8, 2017 US Dist LEXIS 85143, *18-19 [SD NY, No. 15-CV-00425 (DAB) (BCM)]; see also Bobbo Prop. Mgt., Inc. v Faulkner, 235 AD3d 615; Danka Off. Imaging Co. v General Bus. Supply, 303 AD2d 883, 885).
Under the NYCHRL, damages for mental anguish are recoverable, and the plaintiff's own testimony may suffice to demonstrate his or her entitlement to those damages (see DeCurtis v Upward Bound Intl., Inc., 2011 WL 4549412, *4, 2011 US Dist LEXIS 114001, *11-12 [SD NY, No. 09 Civ. 5378 (RJS)]; see also Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 216-217; Cullen v Nassau County Civ. Serv. Comm., 53 NY2d 492, 497; Matter of Port Wash. Police Dist. v State Div. of Human Rights, 221 AD2d 639, 640). Mental anguish or emotional distress damages "can generally be grouped into three categories of claims: garden-variety, significant and egregious" (MacMillan v Millennium Broadway Hotel, 873 F Supp 2d 546, 560 [SD NY] [internal quotation marks omitted]; see Olsen v County of Nassau, 615 F Supp 2d 35, 46 [ED NY]). In "garden variety" claims, "the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury" (MacMillan v Millennium Broadway Hotel, 873 F Supp 2d at 560 [internal quotation marks omitted]; see Olsen v County of Nassau, 615 F Supp 2d at 46). "Such claims typically lack extraordinary circumstances and are not supported by any medical corroboration" (MacMillan v Millennium Broadway Hotel, 873 F Supp 2d at 560 [alteration and internal quotation marks omitted]; see Olsen v County of Nassau, 615 F Supp 2d at 46).
Here, the plaintiff's testimony established that she was entitled to damages for mental anguish (see Miller-Rivera v Eddie Jr.'s Sports Lounge, Inc., 2018 WL 3581735, *4, 2018 US Dist LEXIS 1151, *8-9 [ED NY, No. 17-CV-0603 (LDH) (SMG)]; see also Matter of State of New York v New York State Div. of Human Rights, 284 AD2d 882, 884; Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights, 241 AD2d 811, 812; Matter of Port Wash. Police Dist. v State Div. of Human Rights, 221 AD2d at 640). However, the only evidence of the plaintiff's [*3]mental anguish was her own testimony that she was "really upset," felt "helpless," and "had a lot of anxiety." She did not testify to any physical manifestations of her mental anguish, and she did not seek any treatment for her mental anguish. Under those circumstances, an award of damages for mental anguish in the sum of $7,500 was warranted (see Miller-Rivera v Eddie Jr.'s Sports Lounge, Inc., 2018 WL 3581735, *4, 2018 US Dist LEXIS 1151, *9; see also Matter of Framboise Pastry Inc. v New York City Commn. on Human Rights, 138 AD3d 532, 533; Matter of Palmblad v Gibson, 63 AD3d 844, 845; Matter of Port Wash. Police Dist. v State Div. of Human Rights, 221 AD2d at 640; Matter of A.S.A.P. Personnel Servs. v Rosa, 219 AD2d 648, 649; Matter of Horgan v New York State Div. of Human Rights, 194 AD2d 674, 676).
"[T]he standard for determining punitive damages under the NYCHRL is whether the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard" (Chauca v Abraham, 30 NY3d at 334 [internal quotation marks omitted]; see Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 203-204). Here, the Supreme Court properly determined, in effect, that the plaintiff's testimony failed to establish that Café Gitane had engaged in discrimination with willful or wanton negligence, recklessness, a conscious disregard of the rights of others, or conduct so reckless as to amount to such disregard (see Chauca v Abraham, 30 NY3d at 334; McDaniel v Scotch & Soda Retail LLC, 2025 WL 401108, *3, 2025 US Dist LEXIS 20398, *8 [SD NY, No. 23cv7859 (DLC)]).
In any civil action commenced pursuant to the NYCHRL, "the court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs" (Administrative Code § 8-502[g]; see Diggs v Oscar De La Renta, LLC, 169 AD3d 1003, 1004; Degregorio v Richmond Italian Pavillion, Inc., 90 AD3d 807, 808). "An award of attorney's fees, whether pursuant to agreement or statute, must be reasonable and not excessive" (Diggs v Oscar De La Renta, LLC, 169 AD3d at 1004; see Degregorio v Richmond Italian Pavillion, Inc., 90 AD3d at 809). "In determining what is reasonable compensation for an attorney, the court may consider a number of factors, including, inter alia, the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, the lawyer's experience, ability, and reputation, the customary fee charged for similar services, and the results obtained" (Diggs v Oscar De La Renta, LLC, 169 AD3d at 1004-1005).
Here, the plaintiff sought an award of attorney's fees in the sum of $25,160, plus $726.55 for costs, and submitted billing records from her attorney, as well as documents substantiating her costs. However, considering the relevant factors, including the difficulty of the questions involved, the reasonable time and labor required, and the plaintiff's failure to provide any evidence regarding her attorney's experience, the sum of $7,500 for attorney's fees, plus $726.55 for costs, is warranted (see Administrative Code § 8-502[g]; Diggs v Oscar De La Renta, LLC, 169 AD3d at 1005; see also Sass v MTA Bus Co., 6 F Supp 3d 238, 260 [ED NY]).
Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for the entry of a judgment in favor of the plaintiff and against Café Gitane in the sums of $7,500 for compensatory damages and $7,500 for attorney's fees, plus $726.55 for costs and disbursements.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court